UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**LARRY HAMILTON #367718**                     **CIVIL ACTION**

**versus**                                     **NO. 07-3678**

**BURL CAIN, WARDEN**                          **SECTION: "N" (1)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2).[1] Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Larry Hamilton, is a state prisoner incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On May 1, 1996, he was convicted of second degree murder in violation of La.Rev.Stat.Ann. § 14:30.1,[2] and he was sentenced to a term of life imprisonment on June 12, 1996.[3] The Louisiana First Circuit Court of Appeal affirmed his conviction,[4] and, on March 24, 2000, the Louisiana Supreme Court denied a related writ application.[5]

On November 27, 2000, petitioner, through counsel, filed with the state district court an application for post-conviction relief.[6] That application was denied on January 30, 2002.[7] Related writ applications were denied by both the Louisiana First Circuit Court of Appeal on August 26, 2002,[8] and the Louisiana Supreme Court on June 20, 2003.[9]

On or after November 17, 2005, petitioner filed with the state district court another application for post-conviction relief.[10] That application was apparently denied by the state district

---

[2] State Rec., Vol. I of I, trial transcript, p. 209; State Rec., Vol. I of I, minute entry dated May 1, 1996; State Rec., Vol. I of I, jury verdict form.

[3] State Rec., Vol. I of I, transcript of June 12, 1996; State Rec., Vol. I of I, minute entry dated June 12, 1996.

[4] State v. Hamilton, 709 So.2d 1086 (La. App. 1st Cir. 1997) (No. 96-LA-1875) (unpublished).

[5] State v. Hamilton, 758 So.2d 147 (La. 2000) (No. 1999-K-2840).

[6] State Rec., Vol. I of I.

[7] State Rec., Vol. I of I, minute entry dated January 30, 2002.

[8] State ex rel. Hamilton v. State, No. 2002-KW-0764 (La. App 1st Cir. Aug. 26, 2002) (unpublished); State Rec., Vol. I of I.

[9] State v. Hamilton, 847 So.2d 1220 (La. 2003) (No. 2002-KP-2445).

[10] State Rec., Vol. I of I.

court,[11] and petitioner's related writ applications were denied by both the Louisiana First Circuit Court of Appeal on May 15, 2006,[12] and the Louisiana Supreme Court on March 30, 2007.[13]

On April 30, 2007, petitioner filed the instant federal application for *habeas corpus* relief. In support of his application, petitioner claims that "newly discovered evidence" shows that he was temporarily insane at the time the crime was committed.

In violation of this Court's briefing order,[14] the state does not address in its response the issue of whether petitioner's federal application is timely filed. However, the state did not expressly waive the defense that the federal application is untimely. In light of that fact, as well as the fact that the federal application is in fact clearly untimely, the Court hereby raises that defense *sua sponte*.[15]

---

[11] The state court record furnished to this Court does not include a copy of that denial.

[12] State v. Hamilton, No. 2006-KW-0186 (La. App. 1st Cir. May 15, 2006) (unpublished); State Rec., Vol. I of I.

[13] State *ex rel.* Hamilton v. State, 953 So.2d 63 (La. 2007) (No. 2006-KH-1561); State Rec., Vol. I of I.

[14] Rec. Doc. 2.

[15] The United States Supreme Court has expressly held that federal district courts are permitted to consider *sua sponte* the timeliness of a state prisoner's federal *habeas corpus* petition. Day v. McDonough, 547 U.S. 198, 209-11 (2006). The Supreme Court noted that when a court so acts on its own initiative, it must accord the parties fair notice and an opportunity to present their positions. Id. Accordingly, ***petitioner is hereby specifically instructed that this Report and Recommendation is notice to him that this Court is sua sponte raising the issue of limitations and that petitioner must submit any evidence or argument concerning the limitations defense as part of any objections he may file to this report.*** See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for the filing of federal *habeas corpus* applications. The method for calculating a petitioner's one-year period is set forth in 28 U.S.C. § 2244(d)(1), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Subsections (B) and (C) are clearly inapplicable here, in that this case involves neither a state-created impediment to filing nor a newly recognized federal constitutional right. Further, petitioner's federal application is untimely under either subsection (A) or (D).

As noted, in cases in which § 2244(d)(1)(A) is applicable, the federal limitations period commences when the petitioner's criminal judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." In the instant case, on March 24, 2000, the Louisiana Supreme Court denied petitioner's writ application challenging the state intermediate appellate court's judgment affirming his conviction. Therefore, under § 2244(d)(1)(A),

his conviction would have become "final" ninety (90) days later, i.e. on June 22, 2000, when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1). Accordingly, petitioner's one-year period for seeking federal *habeas corpus* relief would have commenced on that date and expired one year later, unless that deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2).

One hundred fifty-seven (157) days of the limitations period elapsed prior to being tolled by the filing of the post-conviction application on November 27, 2000. Although that application was denied, tolling continues uninterrupted through the appellate process, so long as appellate review was sought in a timely manner. Grillette v. Warden, Winn Correctional Center, 372 F.3d 765, 769-70 (5th Cir. 2004). Assuming that petitioner's related writ applications were timely filed,[16] the Court finds that tolling continued in this case until the Louisiana Supreme Court denied relief on June 20, 2003.[17]

---

[16] The state court record does not establish that the appellate filings were untimely.

[17] A petitioner receives no tolling credit for the period during which he could have sought review by the United States Supreme Court with respect to the denial of post-conviction relief. Lawrence v. Florida, 127 S.Ct. 1079, 1083 (2007); Ott v. Johnson, 192 F.3d 510, 512 (5th Cir. 1999).

When the statute of limitations resumed running at that point, two hundred eight (208) days of the limitations period remained. Accordingly, petitioner had only until January 14, 2004, to file his federal application, unless that deadline was again extended by further tolling.

Because petitioner had no state applications pending at any time between June 21, 2003, and January 14, 2004, he clearly is not entitled to further statutory tolling. Although he subsequently filed another state post-conviction application on or after November 17, 2005,[18] that application and the related appellate court filings have no bearing on the timeliness of his federal application because they were filed after the statute of limitations had already expired. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

The Court also notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). This Court knows of no reason that would support equitable tolling of the statute of limitations regarding petitioner's federal application for *habeas corpus* relief.

---

[18] State Rec., Vol. I of I. Petitioner signed that application on November 17, 2005. Accordingly, it could not have been given to prison officials for mailing, and therefore be considered "filed" under the state "mailbox rule," prior to that date.

Because petitioner is entitled to neither further statutory tolling nor equitable tolling, § 2244(d)(1)(A) would require that his federal application for *habeas corpus* relief be filed on or before January 14, 2004.  Petitioner's federal application was not filed until April 30, 2007,[19] and it is therefore untimely.

However, because petitioner's claim is premised on what he characterizes as "newly discovered evidence," this Court, out of an abundance of caution, notes that his federal application is untimely even if the federal limitations period were calculated based on § 2244(d)(1)(D).

As noted previously, § 2244(d)(1)(D) delays the commencement of the federal limitations period until "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Petitioner's claim is based on the fact that, at the evidentiary hearing held in connection with the first post-conviction application on November 14, 2001, Dr. James Denny testified that petitioner's contention that he had no memory of having committed the crime "did raise some questions" in Denny's mind as to whether petitioner was legally sane at the time the crime was committed.[20]  Even if this "evidence" of petitioner's *possible* insanity could be considered the "factual predicate" of his instant claim, and even if that "factual predicate" could not have been discovered through the exercise of due diligence

---

[19] Petitioner signed the supporting memorandum accompanying his application on April 30, 2007.  Rec. Doc. 1.  That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes.  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

[20] State Rec., Vol. I of I, transcript of November 14, 2001, p. 11.

- 7 -

until Dr. Denny testified on November 14, 2001,[21] petitioner's federal application is *still* untimely. Under that scenario, petitioner had a state post-conviction application pending as of November 14, 2001; therefore, the limitations period would not have commenced until June 20, 2003, when the Louisiana Supreme Court denied relief and tolling ceased. At that point, even under § 2244(d)(1)(D), petitioner would have had only one year from that date, i.e. until June 21, 2004,[22] to file a federal *habeas corpus* application or to again toll the limitations period. However, petitioner had no state applications pending at any time during the period of June 21, 2003, through June 21, 2004; therefore, he was not entitled to further statutory tolling. Moreover, as previously noted, this Court knows of no basis for equitable tolling in this case. Accordingly, even if § 2244(d)(1)(D) is applied, petitioner's federal application was due no later than June 21, 2004, and so was untimely when filed on April 30, 2007.

Lastly, this Court notes that, even if petitioner's federal application had been timely filed, which it was not, his underlying claim has no merit in any event.

---

[21] Petitioner seems to indicate in his federal application that he first learned of Dr. Denny's testimony in January 2005. Rec. Doc.1, supporting memorandum, p. 6. However, the transcript reflects that petitioner was present at the hearing on November 14, 2001. State Rec., Vol. I of I, transcript of November 14, 2001, p. 2.

[22] Because June 20, 2004, fell on a Sunday, the AEDPA's statute of limitations was extended until the end of the following Monday, June 21. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, or a legal holiday, the period runs until the end of the next day that is not one of those days).

To the extent that petitioner is claiming that the state courts misapplied state law in rejecting his second post-conviction application on procedural grounds,[23] such a claim is not cognizable in a federal *habeas corpus* proceeding. "[I]t is not the province of a federal *habeas* court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); see also Molo v. Johnson, 207 F.3d 773, 776 n.9 (5th Cir. 2000) ("Federal *habeas* review does not extend to state court conclusions of state law."); Hogue v. Johnson, 131 F.3d 466, 506 (5th Cir. 1997) (a disagreement as to state law is not cognizable on federal *habeas*).  Simply put, a federal *habeas* court does "not sit as a 'super' state supreme court" to review alleged errors of state law. Smith v. McCotter, 786 F.2d 697, 700 (5th Cir. 1986); see also Dickerson v. Guste, 932 F.2d 1142, 1145 (5th Cir. 1991).  Moreover, it has been noted: "[T]he federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation." Hassine v. Zimmerman, 160 F.3d 941, 954 (3rd Cir. 1998) (emphasis in original); White v. Carroll, 416 F.Supp.2d 270, 282 (D. Del. 2006).

To the extent that petitioner is arguing that he was wrongly convicted because he was temporarily insane at the time of the crime, he has presented no colorable evidence in support of that claim.  Petitioner relies solely on Dr. Denny's testimony at the post-conviction hearing held on

---

[23] In denying relief, the Louisiana First Circuit Court of Appeal denied the second post-conviction application as untimely and the Louisiana Supreme Court denied it as repetitive. State v. Hamilton, No. 2006-KW-0186 (La. App. 1st Cir. May 15, 2006) (unpublished); State *ex rel.* Hamilton v. State, 953 So.2d 63 (La. 2007) (No. 2006-KH-1561); State Rec., Vol. I of I.

November 14, 2001. However, Dr. Denny evaluated petitioner only to determine whether he was competent to proceed to trial; he was never asked to ascertain whether petitioner was insane at the time of the crime. Moreover, Denny did not testify that he actually concluded that petitioner was ever insane; rather, Denny stated only that his evaluation "raise[d] some questions" concerning that issue:

> Q. Did his [petitioner's] discussions with you alert you or put you on alert that he might have been insane at the time that the crimes were committed?
>
> A. There was one thing in my original evaluation that did raise some questions. He may have been in a fugue.
>
> THE COURT:
> I'm sorry, Doctor, what was that?
>
> DR. DENNY:
> Fugue.
>
> THE COURT:
> Now, what is that?
>
> DR. DENNY:
> A fugue state is where somebody does things without a memory of having done them. In more dramatic and theatrical circumstances somebody may for whatever psychological trauma, forget who they are and go off and live a different life for a while.
>
> THE COURT:
> Okay.[24]

---

[24] State Rec., Vol. I of I, transcript of November 14, 2001, pp. 11-12.

However, neither Denny nor anyone else has ever determined that petitioner was in fact in such a "fugue state," much less that it rendered him temporarily insane in the legal sense.[25] There is simply no evidence whatsoever before this Court to establish that petitioner was legally insane at the time of the crime. Therefore, even if petitioner's claim is considered on the merits, it should be dismissed because he has utterly failed to meet his burden of proof in this proceeding.[26]

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Larry Hamilton be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[25] With respect to the insanity defense, Louisiana law provides:

> If the circumstances indicate that because of a mental disease or defect the offender was incapable of distinguishing between right and wrong with reference to the conduct in question, the offender shall be exempt from criminal responsibility.

La.Rev.Stat.Ann. § 14:14.

[26] "The petitioner in a habeas corpus proceeding bears the burden of proof on his right to relief." Williford v. Estelle, 672 F.2d 552, 555 (5th Cir. 1982); see also Baldwin v. Blackburn, 653 F.2d 942, 947 (5th Cir. 1981); Jones v. Estelle, 632 F.2d 490, 492 (5th Cir. 1980).

a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-sixth day of September, 2007.

                              **SALLY SHUSHAN**
                              **UNITED STATES MAGISTRATE JUDGE**